IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN EDUARDO CHAVEZ,

    Plaintiff,                                  CV F 02 5710 LJO WMW   P

    vs.                                          FINDINGS AND RECOMMENDATION

CALIF. DEPT. OF CORRECTIONS, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Defendant Simmons's motion to dismiss.

<u>Procedural History</u>

        This action proceeds on the second amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Lancaster State Prison, brings this civil rights action against Defendant correctional officials employed by the Department of Corrections at the California Substance Abuse Treatment Facility at Corcoran (SATF).  Plaintiff claims that he was subjected to inadequate medical care, such that he suffered cruel and unusual punishment in violation of the Eighth Amendment.  Plaintiff names the following defendants: E. Alameida, Director of the California Department of Corrections; Dr. Edgar Castillo, Chief Medical Officer at SATF; Dr. Kim Nguyen; Dr. Simmons; Lieutenant B.C. Brown; Sergeant Kellams; Correctional Officer (C/O) Flores;  Medical Technical Assistant (MTA) Martinez;

Registered Nurse Maurice Mack.

The events that give rise to the allegations in the complaint began on November 5, 1999, when Plaintiff was involved in a physical altercation with another inmate. Plaintiff alleges that as a result of the altercation, he suffered a broken and cut nose, and a black eye.

On that date, Plaintiff was seen by Defendant MTA Martinez. Plaintiff informed Martinez that, in addition to bleeding, he could not breathe through his nose. Martinez provided Plaintiff with Tylenol and gauze pads, telling Plaintiff to "stop crying Chavez and take it like a man." Plaintiff alleges that on November 6th, he requested medical treatment from Defendant MTA Mack. Plaintiff explained to Mack that his nose was bleeding, and he could not breathe through it. Mack ignored Plaintiff's request, turning his back on Plaintiff. Mack told Plaintiff "I think you're a waste of time if I personally treat you for your injuries when you are a fuck up." Plaintiff again requested treatment from Mack, who refused, telling Plaintiff "If you have to 602 me, then go ahead and do so." Defendants Mack and Martinez then called correctional officers to escort Plaintiff to his cell.

"After a couple of weeks," Plaintiff was seen by Dr. Nguyen. Plaintiff alleges that he was seen by Dr. Nguyen "on numerous occasions." Plaintiff explained to Dr. Nguyen that he was in pain, had shortness of breath, as well as blood discharges from his sinuses. Dr. Nguyen diagnosed Plaintiff as having allergy symptoms, and prescribed nasal spray, medication, and "allergy shots."

On December 20, 1999, Plaintiff was seen by Dr. Thomas. Dr. Thomas ordered an X-ray, and diagnosed Plaintiff has having a deviated septum. The X-ray also revealed "no evidence of bony injury." Dr. Thomas referred Plaintiff to an Ear Nose and Throat Specialist for his deviated septum.

On March 19, 2001, Plaintiff was seen by the specialist, Dr. Simmons. Dr. Simmons diagnosed Plaintiff with a deviated septum, and regarded it is a cosmetic deformation.

Plaintiff "explained to Defendant all the pain and suffering from said injury." Dr. Simmons advised Plaintiff that it is not CDC policy to treat cosmetic deformations, and that he would have to wait until his release to treat it. Plaintiff is "not getting released anytime soon" due to a life sentence.

In the February 11, 2003, order, the court found that Plaintiff had stated a claim for relief as to Dr. Simmons, but had failed to state a claim for relief as to the remaining defendants. Defendants Flores, Kellems, Brown, Castillo, Nguyen, Mack and Martinez have been dismissed. Dr. Simmons is the sole remaining defendant. Dr. Simmons moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b) on the ground that Plaintiff has failed to exhaust his available administrative remedies prior to filing suit. Plaintiff opposes the motion.

<u>Exhaustion</u>

Section 7 of the The Prison Litigation Reform Act was amended to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In <u>Booth v. Churner</u>, 532 U.S. 731 (2001). The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." <u>Id</u>. at 1821. In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies. In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

Defendant submits the declaration of N. Grannis, Chief if the Inmate Appeals

Branch in support of his motion to dismiss. Regarding Plaintiff, Grannis declares that appeals filed by inmates are kept in the IAB computer database. The IAB database reveals that the IAB office has received eleven inmate appeals from Plaintiff. Regarding the conduct at issue in this lawsuit, Grannis declares that

> Only one of the eleven appeals, IAB Log No. 20006756 (California Substance Abuse Treatment Facility ("SATF")-Corcoran, Log No. SATF-C-00-03782, was pursued by inmate Edwin E. Chavez concerning the alleged inadequate medical care for injuries to his nose resulting from his involvement in a physical altercation that occurred on November 5, 1999, in connection with the allegations in the Second Amended Complaint. (Exhibit B attached hereto is a true and correct copy of the Parolee/Inmate Appeal Form CDC 602, Log No. SATF-C-00-03782.
>
> Log No. SATF-C-00-03782 was received by the IAB office on or about January 11, 2001. In his appeal inmate Edwin E. Chavez indicated on November 6, 1999, he had a physical altercation and claims his nose was cut and broken. He also stated that an x-ray was taken and Dr. Nguyen told him that his nose was broken. He requested in his appeal to be given proper medical treatment, to see a specialist and to receive copies of his x-rays.
>
> The Director's Level Appeal Decision dated August 17, 2001, denied inmate Edwin E. Chavez's appeal. The findings of the Director's Level Appeal stated that it was appellant's contention that he did not receive adequate medical care or an independent examination which was refuted by the medical records and case conference with professional staff familiar with appellant's medical history. Appellant was seen by a specialist on March 19, 2001, who indicated he had no sign of infection, but did have a nose deformity, but the deformity should not affect his breathing. (Exhibit C attached hereto is a true and correct copy of the Director's Level Appeal Decision, IAB No. 006756 relating to inmate Edwin E. Chavez, CDC # K-49549).
>
> To my knowledge there has been no appeal submitted by inmate Edwin E. Chavez, CDC # K-49549 at the Director's (Third) Level that was accepted for review relative to his claim of deliberate indifference of Defendant Dr. Marvin Simmons concerning his alleged inadequate medical treatment in connection with the allegations in the Second Amended Complaint.
>
> Grannis Decl. 2:15-3:10.

4

Defendant argues that Plaintiff's inmate grievance challenged the conduct that occurred in 1999, and not the conduct of Dr. Simmons in March of 2001. Defendant's Exhibit B, a copy of appeal log no. 00-03782 indicates that the issue, as framed by Plaintiff, is the medical care that he received as a result of injuries in November of 1999. The grievance was submitted by Plaintiff on September 29, 2000.

Defendant also submits the declaration of Ben Ndoh, a Litigation Coordinator at CSP Corcoran. Mr. Ndoh declares that Plaintiff did file an inmate grievance in September of 2001. That grievance, log no. SATF-D-1-04743, address Plaintiff's medical treatment by Dr. Goertz on September 7, 2001 for back pain. Plaintiff requested that he be given treatment by a neurologist and orthopedic doctors and to have a MRI scan. That appeal was denied at the Director's Level on August 21, 2002. Exhibit B-2 to the declaration of Ben Ndoh. A review of that grievance reveals that Plaintiff failed to challenge any conduct of Defendant's in March of 2001.

In his opposition, Plaintiff contends that he has exhausted his administrative remedies. In his opposition, Plaintiff refers to his Exhibits A through E. Exhibits A through E are copies of CDC form 602 (inmate grievances). Exhibit A is a copy of a grievance written by Plaintiff and dated October 17, 2000. There is no indication that this grievance was filed - the grievance is not filed stamped. In any event, this grievance could not address Defendant's conduct in March of 2001.

Plaintiff argues that Exhibit B is a grievance filed by him that addresses Defendant's conduct in March of 2001. The grievance challenges the decision of Defendant to deny Plaintiff's request for cosmetic surgery. The grievance requests that "I be given proper medical care!). Plaintiff contends that the grievance was granted at the informal level. The grievance was signed by Plaintiff on March 20, 2001. The handwritten informal response indicates that the appeal is granted and that "you have been placed on pill line." The informal

1  response includes the signature of "J. Ruff, R.N." Plaintiff argues that because his grievance
2  was granted at the informal level, this constitutes exhaustion of his administrative remedies.
3        The court notes that the grievance does not include a file stamp, a received stamp
4  or any indication that a log number was assigned. Defendant submits a reply to Plaintiff's
5  opposition. Attached to Defendant's reply is the declaration of Morene Worden, a Personnel
6  Supervisor in the Personnel Office at SATF Corcoran. Ms. Worden declares that she has
7  searched the personnel records from July 1, 1997, to present. The search revealed that there are
8  no records indicating that a J. Ruff was an employee at SATF Corcoran. She further declares
9  that a search of the personnel records revealed only one person with that last name, Isabel Ruff.
10  Defendant also attaches the declaration of Isabel Ruff, who has been employed as a Registered
11  Nurse at SATF since May 5, 2000. Ms. Ruff declares that:

> I have reviewed the Inmate/Parolee Appeal Form (602) signed by inmate Edwin Chavez on March 20, 2001, attached to Plaintiff's Opposition to Defendant Simmons's motion to dismiss. I am familiar with the contents of the Inmate/Parolee Appeal Form wherein inmate Chavez described his problem as being denied proper medical treatment by Dr. Simmons.
>
> I did not prepare the response to the above-mentioned 602 appeal form that is contained in the section titled "C Informal Level" dated March 22, 2001. It is not my handwriting on the form and the signature appears on the line entitled "Staff Signature" is not my signature.
>
> A Registered Nurse, in the capacity as a reviewer of an inmate's appeal, is not authorized to request an investigation of a doctor. The response to an appeal requesting an investigation of a doctor is prepared by the Warden or the Warden's designee or by the Chief Medical Officer or the Chief Medical Officer's designee

Ruff Decl., 1:22-2:8.

      The court finds that as to this exhibit, Plaintiff fails to establish that he filed a grievance or that any such grievance was exhausted. Defendant's exhibits indicate that a grievance was not filed regarding the conduct of Dr. Simmons. Plaintiff has not offered any evidence that a grievance was properly filed and exhausted.

1           Plaintiff's Exhibit C suffers from the same defect.  Exhibit C consists of an
2  inmate grievance written by Plaintiff (dated March 16, 2001), but does not include any indication
3  that it was filed or assigned a log number.  Further, this grievance challenges the events in
4  November of 1999.
5           Plaintiff's Exhibit D is similar to Exhibit C.  It does not include any indication
6  that it was filed or assigned a log number, and refers to the events of November 1999.  This
7  grievance was signed by Plaintiff on February 7, 2002.
8           Plaintiff's Exhibit E is an unfiled copy of an inmate grievance signed by Plaintiff
9  on February 19, 2003.  This action was filed by Plaintiff on June 13, 2002.
10          The Court finds that Plaintiff has failed to exhaust his available administrative
11 remedies prior to filing suit on his claim against Dr. Simmons.  The requirements for exhaustion
12 are clear.  Plaintiff has not offered any evidence that he filed a grievance regarding the conduct
13 of Dr. Simmons at issue in this lawsuit, or that any such grievance was reviewed at the
14 Director's Level of Review.  Accordingly, IT IS HEREBY RECOMMENDED that Defendant's
15 motion to dismiss be granted, and this action be dismissed for Plaintiff's failure to exhaust his
16 available administrative remedies prior to filing suit.
17          These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
19 thirty days after being served with these findings and recommendations, Plaintiff may file
20 written objections with the court.  Such a document should be captioned "Objections to
21 Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file
22 objections within the specified time may waive the right to appeal the District Court's order.
23 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **February 23, 2007**          /s/  **William M. Wunderlich**
mmkd34                                     UNITED STATES MAGISTRATE JUDGE